UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LINO MENDIOLA-VANEGAS,<br><br>Defendant. | CASE NO. 2:25-CR-00025<br><br>CHIEF JUDGE MORRISON |

UNITED STATES' SENTENCING MEMORANDUM

On June 3, 2025, pursuant to a Fed R. Crim. P. 11(c)(1)(A) plea agreement, Defendant Lino Mendiola-Vanegas pled guilty to Count One of the Indictment charging him with Reentry of a Removed Alien, in violation of 8 U.S.C. §§1326(a).

Pursuant to the Plea Agreement, the United States agreed to recommend to the Court a three-level reduction based upon the defendant's acceptance of responsibility for the offense. The Probation Department completed a Presentence Investigation Report (PSR) and correctly calculated a Total Offense Level 13, Criminal History Category III, with a Sentencing Guideline Range of 18-24 months.

I.     LAW

After the Supreme Court's landmark decision in *United States v. Booker*, 543 U.S. 220 (2005), the Sentencing Guidelines are advisory and no longer mandatory, and sentencing judges must now impose sentences in accordance with 18 U.S.C. § 3553(a), which describes Congress's

1

federal sentencing goals and lists the factors that sentencing judges must consider. Although the Guidelines are no longer mandatory, a district court must still use the Guidelines to calculate a defendant's sentencing range and must consider this range when devising a sentence. *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 596 (2007). Further, in calculating the advisory Guidelines range, the sentencing judge must make factual findings using the preponderance of the evidence standard, just as before *Booker*. *See Rita*, 127 S. Ct. at 2465-66 (holding that the judicial fact-finding necessary to calculate the advisory Guidelines range does not violate the Sixth Amendment).

After calculating the advisory Guidelines range, the Court must consider that range along with all the factors listed in 18 U.S.C. § 3553(a) before arriving at the final sentence. Furthermore, Pursuant to 18 USC 3661– "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense, which a court ... may receive and consider for the purpose of imposing an appropriate sentence." In other words, all relevant information pertaining to the defendant as determined by the Court can be considered for purposes of sentencing.

II. APPLICATION OF THE 3553(a) FACTORS

The relevant 3553(a) factors as they relate to the instant case are discussed below:

**A. The nature and circumstances of the offense and history and characteristics of the defendant.**

On March 29, 2023, defendant was arrested by law enforcement officers in a Columbus residence during the execution of a search warrant. ICE records show that the defendant has a history of returning to the United States illegally. Specifically, the defendant's immigration A-

File shows that he has previously been removed from the United States on two previous occasions, in 2010 and 2013. In addition, the defendant has a 2010 fifth degree felony forgery conviction for which he was sentenced to 12 months imprisonment, and a 2023 second degree felony conviction for trafficking in cocaine for which he was sentenced to two-three years imprisonment.

Defendant is a 45-year-old Mexican citizen who has no legal status in the United States. During his PSR interview, the defendant reported to the Probation Department that he has never been married but has a 13-year-old son who resides with his mother in Mexico. Defendant further reported that he came to the United States for financial reasons. Defendant has no legal employment in the United States.

B. **To afford adequate deterrence and promote respect for the law**

The defendant's criminal history demonstrates that he has not been deterred from returning to the United States and engaging in criminal activity. Thus, a significant prison term is appropriate to hopefully promote the defendants respect for the law and prevent him from returning to the United States and participating in criminal activity.

III.     CONCLUSION

The United States believes that a prison sentence of 18 months, which is on the low end of the calculated Sentencing Guidelines, is a firm but fair sentence that would provide just punishment and hopefully deter defendant and others from engaging in similar conduct in the future. The sentence would also be sufficient, but not greater than necessary, to serve the interests in sentencing under all the factors established in 18 United States Code §3553(a).

Respectfully submitted,

DOMINICK S. GERACE II
United States Attorney


s/Kenneth F. Affeldt
KENNETH F. AFFELDT (0052128)
Assistant United States Attorney
303 Marconi Boulevard
Suite 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-2769
Ken.Affeldt @usdoj.gov


CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of September 2025, a copy of the foregoing Government's Sentencing Memorandum was filed electronically. Notice of this filing was sent to all parties by operation of the Court's electronic filing system.

s/Kenneth F. Affeldt
KENNETH F. AFFELDT (OO52128)
Assistant United States Attorney