IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 2:25-cr-25 |
| | : | CHIEF JUDGE MORRISON |
| LINO MENDIOLA-VANEGAS | : | |
| Defendant. | : | |

**LINO MENDIOLA-VANEGAS'S SENTENCING MEMORANDUM**

**I.    INTRODUCTION.**

On June 3, 2025, Lino Mendiola-Vanegas ("Mr. Mendiola-Vanegas" and "Lino", alternatively) entered a plea of guilty to a single count Indictment filed against him in the Southern District of Ohio. The Indictment charged Mr. Mendiola-Vanegas with Illegal Reentry of a Removed Alien per 8 U.S.C. §§1326(a). The Court is tasked with imposing "a sentence sufficient, but not greater than necessary," to vindicate Congress' sentencing mandate, set forth in 18 U.S.C. § 3553(a)(2). The Court must begin sentencing proceedings by first correctly calculating the applicable guideline range. *Gall v. United States*, 128 S. Ct. 586, 596 (2007). However, this guideline range is only "the starting point and the initial benchmark." The Court "may not presume that the guideline range is reasonable." *Id.* at 596-97. A sentencing court is "free to make its own reasonable application of the 18 U.S.C. § 3553(a) factors, and to reject (after due consideration) the advice of the guidelines." *Kimbrough v. United States*, 552 U.S. 85, 113 (2007) (Scalia, J.,

1

concurring). "[E]xtraordinary circumstances [are not required] to justify a sentence outside of the guidelines range." *Gall* at 595.

## II. SENTENCING FRAMEWORK

Per the calculation by the U.S. Probation Office, Mr. Mendiola-Vanegas's total adjusted offense level is 13 and his Criminal History Category is III. The guideline provision under this criteria is 18-24 months. Neither Mr. Mendiola-Vanegas nor the Government have objected to the calculations, and the Government has asked for a sentence of 18 months.

This framework, however, does not align with a sentence commiserate with the true nature of Mr. Mendiola-Vanegas's crime. Mr. Mendiola-Vanegas asks this Court to consider that a **period of time served** would satisfy Congress' codified purposes in sentencing because it would: reflect the seriousness of the offense; provide just punishment; provide adequate deterrence; and protect the public from further crimes committed by him. 18 U.S.C. § 3553(a)(2).

**III.     SENTENCING FACTORS—18 U.S.C. § 3553(a).**

The final step of the sentencing analysis requires this Court to determine what sentence is sufficient, but not greater than necessary, to satisfy Congress' sentencing mandate. Mr. Mendiola-Vanegas points to the following three § 3553(a) factors to answer this statutory question: (1) Mr. Mendiola-Vanegas's history and characteristics; (2) the nature and circumstances of the offense and (3) the need for the sentence to reflect just punishment. In the end, Mr. Mendiola-Vanegas submits that a period of time served would vindicate Congress' sentencing mandate as it would not diminish the seriousness of his offense, and would provide just punishment, adequate deterrence and protection of the public.

   *A) Nature and Circumstances of the Offense and History and Characteristics of the Defendant*

Lino Mendiola-Vanegas was born in Michoacan, Mexico in 1979. As one of six children born to father, Juan and mother, Maria, Lino's entire childhood in Mexico had been spent mostly under severely impoverished circumstances. Worse, the threat of violence from local cartels was a constant presence in young Lino's life.

As such, when Lino was twelve years old, Lino's parents moved him and his siblings to Hermosilla, Mexico to live with his eldest brother. It was Lino's parents' hope that the move would protect him and his siblings from the cartel violence in Michoacan. Still, it was by no means a perfect solution. There in Hermosilla, Lino was witness to domestic violence and still experienced significant poverty. Rather than continue to live

under his brother's roof, Lino effectively began living on his own starting at 15.

At 22, Lino came to the United States for the first time. Like so many similarly situated individuals, Lino came here specifically looking for better opportunities than the ones available to him in rural Mexico. On top of that, Lino further feared for his safety after his father was murdered at what he believed were the hands of the cartel.

Lino would spend the next years living under the radar in the States, working cash-only labor-intensive jobs and sending back what he could to his family. Admittedly, he was voluntarily removed several times over the years. As much as he tried to make a life in Mexico upon his removals, the opportunities there simply were not as abundant as they were in the United States. Still, Lino made a go of it at least once during his time back in Mexico. He owned his own small business running a taco stand. Additionally, he became a father. If not for the pandemic decimating his business, Lino very well may have stayed in Mexico for good.

After the worst of the pandemic, Linor retuned yet again to the United States to try to find work again. Desperate to raise money for his family, which now amounted to his mother and his son, Lino engaged in a drug conspiracy offense with at least two other coconspirators. While it's not entirely clear if Lino was a leader or follower in this conspiracy, it is evident that he took responsibility for his actions and ultimately served a prison sentence for the offense.

As it stands, with the state conviction Lino has been away from his family for more than three years. Lino knows that he cannot do something else that will take him away

4

from him son for so long ever again. When he is ultimately released, it's his full intention to return to Mexico and figure out a constructive way to support his family there.

### B) Just Punishment, Adequate Deterrence, Protection of the Public—18 U.S.C. § 3553(a)(2)(A)-(C)

Lino does not have a lengthy history of repeatedly reentering the United States. He had three prior removals overall, and this will be his first illegal reentry conviction. While perhaps he should have been more cognizant, Lino was not aware of the gravity of the offense of illegal reentry, but he most certainly is aware now. Moreover, undersigned counsel has advised him of the even more serious consequences he would face if he were to reenter the country illegally in the future (including an increased Guidelines range and a possible revocation of supervised release, should it be a part of his sentence). Lino's knowledge of the severe consequences of any future illegal reentry provides a strong deterrent effect. Lino understands that committing this offense in the future not only will result in extended incarceration, but it will further jeopardize any chance he may have to stay in the United States legally.

## IV. CONCLUSION.

In light of his history and characteristics, the nature and circumstances of this offense, his role within the offense, and the sentencing range established for this offense, Lino Mendiola-Vanegas respectfully requests a sentence of time served Mr. Mendiola-Vanegas submits that the requested sentence is sufficient, but not greater than

necessary, to punish him for his offense, deter others, and to protect the public.

                              Respectfully submitted,

                              JOSEPH MEDICI
                              FEDERAL PUBLIC DEFENDER

                                /s/  Soumyajit Dutta
                              Soumyajit Dutta (OH 76762)
                              Asst. Federal Public Defender
                              Federal Public Defender
                              Southern District of Ohio
                              10 West Broad Street, Suite 1020
                              Columbus, Ohio 43215-3469
                              Telephone: (614) 469-2999
                              Facsimile: (614) 469-5999
                              Soumyajit_Dutta@fd.org
                              *Attorney for Defendant*
                              *Lino Mendiola-Vanegas*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record on the date of filing.

                              /s/ Soumyajit Dutta
                              Soumyajit Dutta (OH 76762)
                              Soumyajit_Dutta@fd.org